The first case for argument this morning is 18-1775, M-I Drilling v. Dynamic Air. Mr. Carlson, whenever you're ready. Good morning. May it please the Court, this is the patent case where the District Court awarded the defendant, my client, its attorney's fees in connection with the IPR. And it said it did this because the IPR related to validity, whereas the District Court action was exceptional because of infringement issues. And it also said that... So what case supports the award of fees for the IPR here? The PPG case doesn't really seem to support you. The decision in Willis, which startlingly neither side cites or discusses, doesn't really help you. What authority, other than the District Court cases that you cite, would suggest that fees should be awarded? Fees should be awarded because the Supreme Court and federal circuit cases say that a but-for test should have been applied. Well, that's too general. What cases say that you can get an award for administrative proceedings under these circumstances? Well, no cases say you can or you can't. What the cases say is that you should get your fees that were incurred but for the exceptional conduct. No case has ever said that you can't get those fees. And as you say, PPG is an example where the federal circuit awarded attorney's fees in connection with a patent office proceeding. So there's no basis whatsoever. PPG said that was because it wasn't an optional proceeding. Because it was not optional. Well, it was optional there. The party moved to stay the action and they then went to the patent office. But I don't think that matters because the Supreme Court and all the authority from this court says that you should be entitled to the fees that you incurred having to defend an exceptional case. That is the authority. The Supreme Court's decision in Willis doesn't say that. Which case? Willis. I'm not familiar with Willis, I'm sorry. Was that cited? It's the Supreme Court case dealing with fees for administrative proceedings. Well, I don't believe it was Webb. I'm sorry, not Willis, Webb. Webb? Yeah. I don't know that case either, I'm sorry. I'd be surprised if the Supreme Court has said you can't get attorney's fees in connection with an administrative proceeding if that administrative proceeding was caused by and was necessary to defend an exceptional case. And if it was, what did you have to do to defend it? I don't think you can conclude that there are some fees that are just off limits, such as an administrative proceeding. And in fact, as we said in the PPG case, fees were awarded for an administrative proceeding. So we rely upon the but-for cases. And in this case, but-for, they're filing these 16 false allegations in the complaint. There wouldn't have been a case. The district court said the case was exceptional from the very beginning. And as a result of that, the IPRs were filed. And I'd like to make three points about the IPRs. One is that our president testified that but-for the litigation, he wouldn't have filed those. And two is, they're totally foreseeable. In today's environment, they are part and parcel of district court litigation. They were designed to be that. And I don't think there is a case I'm aware of recently where, in connection with a district court action, the parties haven't filed an IPR. It is just the case. So the third point I want to make is that neither the court nor MI argue that it was unreasonable for DAI to file those IPRs. Look at the position they were in at that time. The chances of getting the case dismissed on account of the fact that there were false allegations looked bleak. As soon as the DAI, in its answer and Rule 26 statements, in the interrogatory answers under oath, in depositions, in declarations, said, we had nothing to do with what was going on down in Brazil with our subsidiary, DAL. We didn't take part in the decision to do that kind of a pneumatic conveying system. We didn't design it. We didn't manufacture it. We didn't install it. We didn't operate it. We didn't do any of those things. The fact is the IPR was a different proceeding. I'm sorry, my hearing is not very good, Your Honor. The fact is that the IPR is a different proceeding. It was a different proceeding. No question about that. But there is no authority for the proposition that because it's a different proceeding, you can't get attorney's fees for it. And as we have said, it's been done in the PPG case and it's been done and is going on in district court today. I don't understand how you could not find the web case, which is cited in PPG and discusses this issue by the Supreme Court. And there are other circuit decisions about this also. And you offer us district court authority, which is non-binding or even particularly persuasive. Well, I can only say I didn't find it. And, of course, counsel for the plaintiff apparently didn't find it either and cite it as the authority for denying us our attorney's fees. The cases we found said we're entitled to attorney's fees that but for the exceptional case we would not have incurred. Attorney fees aren't granted for an IPR proceeding by itself, are they? No. If, for instance, you just filed an IPR, as far as I know, they haven't been so far. So you're trying to piggyback. Well, this was not an IPR proceeding per se. This was a civil court litigation where they... Yeah, but Congress contemplated this would be an alternative. When Congress enacted the AIA, the notion was that this would correspond to district court proceedings and that what is happening would happen. Exactly. And this is what's going on in the real world. There was no provision made in the AIA for any kind of attorney's fees awards in connection with IPR proceedings, right? I think that's probably true. I haven't studied that. I'm not sure if anybody has asked for attorney's fees. But, as you point out, this is what's going on in the real world. When people are in civil court, district court litigation, they have gone in for attorney's fees and they've gotten exceptional awards. In my historical memory, which is purely anecdotal, it comes when they're broad, expansive infringement allegations and there's been the absence of any investigation with regard to the products being accused, etc. So that's a standard one. The only other one is the 101 space, which is a bit different than your normal IPR because you've got a lot of 12B6 issued under the 101. But those are the only two that seem like, you know, I've not seen this come up. Well, this is more egregious than those situations. This is a case where, in 2003, they got their complaint dismissed. And it was dismissed because the court said they did not plead factual allegations. And our district court here said that they learned as well that you can't rely upon supposition. So what did they do? They filed a 2014 complaint and they made up 16 allegations so that we couldn't get the case dismissed on a 12B6 motion. They made up 16 allegations, all of which were untrue. But if those allegations, the whole gravamen of the complaint, though, dealt with the infringement piece of it, right? I mean, the made-up allegations all deal with the infringement. Well, that's all a plaintiff pleads, is infringement, yes. But we didn't file the infringement. And when it got to the invalidity issue, we had, I think, about 1,000 pages of contentions. But the deadline was coming up for filing IPRs. So we filed the IPRs. What do you have as a case of first impression? Your Honor, I need hearing aids. I'm so sorry. What do you have as a case of first impression regarding IPRs? Well, I think that's fair to say. There isn't a case saying you can do it or that you can't do it. There are cases that do it. We have plenty of district court cases that grant attorneys fees in connection with IPRs. The district courts are doing it. And I guess this is the first one that's come up. Are they cited in your brief? Yes. District court cases? Yes. Nothing here. We haven't decided it. Well, except for the PPG case. That's the only one where you awarded attorneys fees that were in connection with a reissue. A reissue from years ago. Whereas today, we have IPRs, which are meant to be part and parcel of the district court proceeding. We want people to go to the IPRs. That was the whole purpose. And it seems to me that there's a far greater reason to award attorneys fees in connection with an IPR than there was in connection with a reissue in the PPG case. Well, unless there are more questions, I'll sit down for a while. OK. Thank you. Thank you. Good morning. May it please the court. One thing we didn't hear. Are you unfamiliar with the Webb case also? I'm not, Your Honor, because to us, the Supreme Court's case in Highmark. We don't care what the Supreme Court said? We do, Your Honor. In Highmark, the court said in a section 285 setting, when we're looking at fees, the matter is a matter completely within the discretion of the district court, reviewed by this court for an appropriate discretion. Does that mean that the district court would have discretion to award fees for IPRs, as some district courts have done? Yes, Your Honor. The district court would have that discretion in the right circumstances, such as where the IPR work or other PTO work substitute for the work that occurred in the district court. When that happens, when there's a stay in the district court, and the IPR work substitutes entirely, for example, for the invalidity contentions, there have been district courts that have awarded fees in their discretion. Here, the district court, acting well within its discretion, said that's not proper, and we don't need to. The district court found that the IPRs were entirely unrelated to the reason for the dismissal. So if the awarded fees were based on a frivolous claim based on an invalid patent, and the patent had been declared invalid in an IPR, they could recover the attorney's fees under 285 if the district court decided to award them? The district court, in my view, would have discretion to award attorney's work in the district court, and perhaps for the PTO work, particularly as courts have found where that PTO work substitutes for the district court invalidity work. But here we have none of that. The district court in its discretion determined, and reasonably so, that the IPRs were irrelevant, they did not substitute for that work, and even more importantly, the district court, we should not even really be reaching this issue because the district court abused its discretion in finding this case to be exceptional to begin with. And going back to Highmark, that case says, dealing with 285, that case says that a district court, quote, necessarily abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Here, the district court committed both of those faults. First, on the law, octane fitness requires the court to consider the totality of the circumstances. Here, the district court refused to consider and to weigh the evidence we obtained post-filing, showing that DAI was involved in the infringing conduct. That post-filing evidence completely supported the wealth of evidence we had pre-filing. We all knew, we knew that Dynamic Air was the infringer of our patents. The question to us is, which entities are responsible? Which Dynamic Air entities? Is it the parent, or Inc.? What the district court said, as I read it, is that you might have had a basis for filing some complaint, but the detailed allegations of this complaint were not supported by what you knew, and that that was the reason for the award of fees. Do you read it that way also? Yes, Your Honor. The district court based its ruling on only our pre-filing conduct, and in the district court's assessment. So what's wrong with that? It's not the case that these very detailed allegations that you made were supported by the information that you now rely on, right? No, Your Honor, that is not correct. The information we had pre-filing repeatedly and consistently pointed to DAI. But that's a different question as to whether you could file some complaint accusing DAI. But what was the basis for making the detailed allegations that the district court found not supported by what you knew? When we look at the framework of what we allege in the complaint, the district court took excerpts, there's 16 excerpts from the complaint. When you actually read the complaint and put them in context, it's very clear that what we were alleging was DAI has done this for decades. DAL, it was its first foray into this adventure, into this sort of technology. DAL had admitted in the Brazilian tribunal. The problem with this argument, if you're just looking at it from 30,000 feet, is we're not going to re-litigate this case for you in the merits. You know, there's a highly deferential standard applied to what the district court did. And it kind of proves the point, because your analysis and your complaint here, and you're re-arguing the facts and want us to look back at the complaint and look back at the whole record. Do you really think that's our job in reviewing the district court's discretionary ruling with respect to attorneys used here? This court absolutely reviews for an abuse of discretion here, but there's two ways for the court here to abuse its discretion. One is under the clearly erroneous assessment of the evidence. That's what I was just describing. There's also the legal side of it. Highmark says it's necessarily an abuse of discretion if the court bases its ruling on an erroneous view of the law. The law requires, under the Supreme Court's case in Octane Fitness, requires the court to consider the totality of the circumstances. When we're looking at awarding fees for the entirety of the litigation, the district court refused to consider our post-filing conduct and our post-filing evidence repeatedly showing that DAI was involved. We recognize our duty to continuously assess our position. Our pre-filing evidence- What did she say about that evidence? Or what did the special master say about that? Did they say, we will not consider it because it was post-filing? Yes, Your Honor. It says the district court said, evidence found after filing is not the basis for the court's exceptionality finding. And based on that, the court said that the technical drawings for the accused systems that said, this is the design of Dynamic Air Inc. That's what the technical drawings said. The district court said, we're not going to consider that because that's post-filing. Also, the district court said that the court bases its exceptionality determination on the inadequacy of MI's pre-filing investigation. For that reason, MI's other objections- Well, there are lots of cases where the award of attorneys fees is predicated on the pre-filing investigation. That's a large component in terms of an assessment of the exceptional case Is it not? It is, when that is the totality of the circumstances. Here, we had many circumstances beyond that. Post-filing, there was repeated information pointing continuously back to DAI as a technology provider. Post-filing information doesn't support the detailed allegations that the district court taxed you for. It does, Your Honor. It repeatedly says, just as we put in the complaint, we allege that DAL had admitted, the subsidiary admitted, that it gets its technology from the parent DAI. That's a huge admission, and it completely supports the complaint. And then post-filing, the technical drawings for the accused systems said, this design is the property of Dynamic Air, Inc. That further supported what we already uncovered during our pre-filing investigation. Here, the district court found that we did conduct a pre-filing investigation, and the district court found, importantly, quote, DAI has not pointed to information that MI had or could have reasonably uncovered in a diligent pre-suit investigation that would have definitively demonstrated their lack of involvement. There was nothing more we could have done. The district court said, yes, you did an investigation. There's nothing more you could have done, but I'm finding it exceptional anyway. And the district court did not give credence to the post-filing evidence showing that the technical drawings said it's the product and design of DAI, which supported the original allegations where DAL had admitted that they get their technologies from DAI. All of these things pointed to DAI. It would have been wild for us not to allege this infringement against both DAL and DAI when DAI is the admitted technology provider. That's what all the evidence showed. The Petrobras contract that led to the accused systems, it said DAL is entering into this contract, but we do so with DAI as its partner. And we saw that. We knew between that and DAL's admission that it gets its technology from DAI. We knew DAI is a technology provider. When you go look at DAI's website, the parent's website, it identifies the subsidiary as an international sales office. It's a sales office for buying DAI products. All of this together, the totality of the circumstances, told us go, and we need to sue. We had the right entity. It's dynamic here. Which branch? Is it Brazil? Is it China? Is it Australia? Is it Inc? And we correctly sued both Inc and Limitada. And when that happened, the evidence repeatedly pointed back to it. Their evidence they provided, they had a declaration about a year into the litigation saying, no, DAI is entirely uninvolved. But we knew that was not true. It turns out, also discovered post-filing, that DAI, who's proclaiming no involvement, was actually supplying components to its subsidiary for the accused products. That, again, told us DAI is involved. Eventually, we asked for the deposition of DAI's executive vice president On the org chart, DAL directly reports to this gentleman at DAI. And he's the one that oversees DAL. We asked for his deposition. We finally got it after they resisted. We got the deposition. He answered questions to our satisfaction. And 10 days later, we dismissed, on our own volition, in good faith, dismissed the complaint. This is not an exceptional case. Exceptional cases, like you said, Chief Judge Prost, when it's based on a pre-filing investigation, it's because somebody didn't go by the widget and look at it. And if they had just done it and run a simple test, they could have figured that out. Here, we did a pre-filing investigation. The district court found that we did. The district court found that we believed in our allegations and did not act in bad faith. And yet, with all of this together, the district court found this case to be exceptional. Under Highmark, this court can reverse neither of two paths. One, because the court erred in its analysis of octane fitness and the totality of the circumstances. The district court was obligated to look and see, why are you continuing with this suit? And the reason we continued with it is because it continuously pointed to DAI supporting what we already found in the pre-filing investigation. That was clear enough. The second thing Highmark says is, if there's a clearly erroneous assessment of the evidence, that's necessarily an abuse of discretion.  I realize, Your Honor says, we're not going to re-weigh the evidence. But when it's so clear, that's an abuse of discretion. The evidence repeatedly pointed to DAI. When they say, DAI is entirely uninvolved, here's who's entirely uninvolved. IBM, Starbucks. Starbucks is entirely uninvolved in this. They're claiming they're entirely uninvolved, when yet we have design drawings saying, this is the design of DAI. We have admissions by the subsidiary saying, we get our designs from the parent. We have website information showing that DAL is just a sales office. When we have all of that put together, especially with the district court's findings, saying there's nothing more you could have done during pre-filing, they never pointed to something saying that DAI was not involved. That sort of finding is irreconcilable with the district court's ultimate finding of exceptionality. This does not fit in the cases this court has considered before, where this court has found an exceptional case. I realize the abuse of discretion standard is high, but when the court errs in law in its application of octane fitness, and when it errs in its assessment of the evidence, this court should reverse. I'll reserve the remainder of my time. Thank you. Thank you. Regarding the IPR, he noted that the IPRs did not substitute for district court litigation. That's because about a month after we filed them, they dismissed the case. They filed an exceptional case, we battled it, we could not get it dismissed based upon. The authoritative attorney's fees here had absolutely nothing to do with the question of patent validity or patentability, right? I'm sorry, the what? The award of attorney's fees here was completely unrelated to the question of patent validity. Well, look. Yes? The court awarded attorney's fees on account of the fact. Was it related to the question of patent validity? The award of attorney's fees. Yes. In the sense that attorney's fees are awarded because they filed an exceptional case. All of the attorney's fees came out of that, including the attorney's fees for validity in the district court. We got those, but we didn't get the validity fees in the IPR. So it all came out of the pleading of the exceptional case and but for doing that, we wouldn't have had any of those attorney's fees in the district court for validity or in the IPR for validity. So it didn't turn on validity really in the real world. It turned on the fact that the IPR was in a different venue. That's really the only distinction that exists here. He refers to a pre-filing investigation. There is no evidence of a pre-filing investigation that they did. We don't know who did it, who he talked to, what documents they looked at, what they considered. They put in no evidence of a pre-filing investigation. What they did is they said, we did one. That's all they did. And then they said. Well, what about his argument, which he frames as a legal argument under Highmark, that failure to apply the totality of the circumstances approach, if you're refusing to look at what happened post-filing? Okay. The court did look at what happened post-filing. He is incorrect about that. If you look at appendix at 7321 note seven, the court specifically talks about this drawing where there's a legend that said that the design is the property of DAI. The court specifically deals with that. And he overstates the post-filing evidence. All there was was the one drawing that they found and the components, which I'm gonna get to in a minute. But the court dealt with that and they said that's not persuasive whatsoever. Now, post-filing, as the court noted though, doesn't go to the complaint in the first instance. They filed a complaint in the first instance based upon supposedly four things that they knew that were totally unrelated to what they pleaded. My uncle used to say about lawyers that had an inflated and undeserved reputation that if that lawyer ever met his reputation on the street, they wouldn't recognize each other. If those 16 allegations ever met the four things they knew on the street, they wouldn't have recognized each other. They are of a different world. And the court specifically said there is a gaping hole between them. So that was why the case was deemed to be exceptional. And things that they learned post-filing really didn't go to why they filed it in the first instance. But let me comment on the- Very briefly, because your time has expired. Yeah, let me comment on the post-filing. Take that in the context of what DAI did when it was sued. We have four pages in our brief of all the things that DAI said in its depositions, in its declarations. Well, as you noted, we have the benefit of your briefs. Yes, and so I won't go into that. But my point is that every time that DAI had a chance to talk about the fact that it wasn't involved in Brazil, it did that. And when they were looking at post-filing facts, which is one drawing, take that in the context of everything that DAI was telling them about the fact of no involvement in Brazil. Okay, we thank you. All right, thank you, Your Honor. We heard again a proclamation of no involvement. We learned during the case that is just simply not true. They were coming forward to us and saying, we need to dismiss this case because we're entirely uninvolved. And yet we had design drawings showing that this is the design of DAI. We had admissions by DAL that it gets its technology from DAI. We had other information. We had information that DAI was providing components to DAL. That is not entirely uninvolved. We were permitted and did pursue discovery. The court granted us motions to compel to make them produce it. When we finally got that deposition that I mentioned that told us what was going on, 10 days later, in good faith, we dismissed the complaint. The post-filing evidence on which we relied completely supported the pre-filing. Mr. Carlson just mentioned that the district court's opinion in that footnote seven on 7321 addressed those technical drawings that said this is the design of DAI. The district court did address it. And in the very next sentence in the footnote says, quote, evidence found after filing is not the basis for the court's exceptionality finding, close quote. The court refused to consider it, saying my finding of exceptionality is based on the pre-filing investigation. Quit talking to me about everything else. That is not what Octane Fitness says to do. Octane Fitness says it's a matter of law. The court must consider the totality of the circumstances. Highmark by the Supreme Court says that the court necessarily abuses its discretion if it bases its ruling on an erroneous view of the law. That's what we have here. This court should reverse. Thank you very much. Thank you. We thank both sides and the cases submitted. We're gonna call a brief recess now for just a couple minutes while you all get organized in terms of your seating. So thank you. All rise.